**Rolando VELASCO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76690.

United States Court of Appeals, Ninth Circuit.

---

Submitted Nov. 17, 2006 *.

Filed Jan. 24, 2007.

Nadeem H. Makada, Esq., Burlingame, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Rolando Velasco petitions for review of a decision of the Board of Immigration Appeals ("Board" or "BIA") dismissing his appeal from a decision of the Immigration Judge ("IJ"). The IJ denied Velasco's request for cancellation of removal pursuant to 8 U.S.C. § 1229b(b). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

We reject Velasco's contention that the record does not contain sufficient evidence to sustain the Board's finding that he is statutorily ineligible for cancellation of removal under 8 U.S.C. § 1182(a)(2)(A).[1] The record contains an Order of Probation from the Superior Court of California, County of Mendocino, stating that Velasco pled guilty to a violation of California Health & Safety Code § 11377, possession of methamphetamine. The record also contains a Probation Officer's Report and Recommendation, which sets forth the date of the offense, the charges, the terms of the plea bargain, the details of the police report, and Velasco's statement. Moreover, Velasco admitted to his

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the factual and procedural background, we do not recite it here except as necessary to aid in understanding this disposition.

conviction during his hearing before the IJ and on his application for cancellation of removal. *See* 8 U.S.C. § 1182(a)(2)(A) (rendering inadmissible an alien who is "convicted of, *or who admits having committed,* or who admits committing acts which constitute the essential elements of" a controlled substance violation) (emphasis added). The BIA did not err in finding Velasco statutorily ineligible for cancellation. *See* 8 U.S.C. § 1229b(b) (listing the requirements for cancellation, including that an alien not have a conviction under § 1182(a)(2)).

The BIA did not abuse its discretion in affirming the IJ's denial of Velasco's motion for a continuance. *See Gonzalez v. INS,* 82 F.3d 903, 908 (9th Cir.1996) (stating that a decision whether to grant a continuance will be overturned only upon a showing of a clear abuse of discretion). Velasco does not offer any evidence contrary to his admission to the controlled substance violation or any evidence that he is eligible for cancellation of removal. Nor does he cite any evidence that he would have presented had the continuance been granted. In fact, he does not cite any specific way in which he was prejudiced. " 'Due process challenges to deportation proceedings require a showing of prejudice to succeed.' " *Halaim v. INS,* 358 F.3d 1128, 1136 (9th Cir.2004) (quoting *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999)). Velasco has failed to establish any prejudice from the denial of the continuance.

**PETITION FOR REVIEW DENIED.**